The judgment is reversed with directions to dismiss the suit.

### HANSEN v. AMERICAN LEGION POST NO. 11, Inc.
### No. 6044.

United States District Court. D. Alaska.
Fourth Division. Fairbanks.
May 2, 1949.

Robert A. Parrish, of Fairbanks, Alaska, for plaintiff.
Collins & Clasby, of Fairbanks, Alaska, for defendant.

PRATT, District Judge.

As used herein, S.L.A. means Session Laws of Alaska; A.C.L.A. means Alaska Compiled Laws Annotated.

The plaintiff, a cook by trade, was in the employ as such upon the 25th day of February, 1948, of one Laura Brooks, who was conducting a restaurant in a building on Lot Number 12, Block 47, of the Town of Fairbanks, Fairbanks Recording District, Territory of Alaska.

The defendant was and is the owner of said Lot 12, Block 47.

On the 25th day of February, 1948, in the course of her employment, the plaintiff severely burned her right hand through scalding water and steam being thrown upon it by the breaking of a coffee urn.

The plaintiff and her employer, Laura Brooks, appeared in a proceeding before the Alaska Industrial Board, which, after a hearing, did, upon the 3rd day of November, 1948, award as compensation for said injury from February 28, 1948, to October 22, 1948, the sum of $5,276.45, damages to plaintiff. A copy of said award is marked Exhibit "A," and attached to the complaint. It is entitled "In the Matter of the Application of Emma Hansen, Applicant, v. Laura Brooks, Defendant." It shows that Emma Hansen and Laura Brooks appeared. There is no showing that the Defendant of this case made any appearance before said Industrial Board.

Within 120 days of the date of said injury the plaintiff filed her claim of lien and within 10 months of said injury brought this suit.

Plaintiff prays for. a judgment against the defendant in this case for the sum of $5,726.45, with interest thereon at the rate of 20 per cent per annum; for costs and disbursements, and for a $900 attorney fee. She further asks for a foreclosure of her alleged lien and the sale of defendant's said lot to pay said judgment.

A careful scrutiny of said Chap. 9, S.L.A., Ex.Sess., 1946, Sec. 43-3-1 to Sec. 43-3-39, A.C.L.A., shows the following:

### A.

(1) That the injured employee and her employer, or either of them, can go before the Industrial Board, which,. upon notice to the parties, will hold a hearing and give an award, binding on employee and employer. Sec. 15, Chap. 9, S.L.A., Ex.Sess., 1946, Sec. 43-3-15, A.C.L.A.

(2) That a certified copy of an award may be filed in the District Court and a judgment will be entered thereon.

Sec. 17, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-17, A.C.L.A.

(3) "Such judgment shall have the same effect * * * as though said judgment had been rendered in a suit duly heard and determined by said court." Sec. 17, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-17, A.C.L.A.

Obviously the award and the judgment, aforesaid, could have no effect upon a third party property owner. He is not a party to the award or judgment proceedings.

## B.

(1) That if the injured employee is not paid his compensation, he may elect to bring an action in tort against the employer in which "the Defendant Employer" is not permitted to set up a defense that the injury was caused by the negligence of a fellow servant; that the employee assumed the risk of his employment, or that the injury was due to contributory negligence on the part of the employee. Sec. 10, Chap. 9, S.L.A., Ex.Sess., 1946, Sec. 43-3-10, A.C.L.A.

(2) That in said suit, upon an affidavit being filed by the plaintiff showing that he is entitled to recover compensation "from the defendant * * *," and the defendant has failed to pay it, a writ of attachment shall issue without plaintiff giving a bond, and shall be levied upon defendant's property. Sec. 26, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-26, A.C.L.A.

## C.

(1) That an employee who is injured while working in the construction, preservation, maintenance or operation of property not belonging to the employer may have a lien for the payment of unpaid compensation for injury during his work upon such property, provided he files a proper lien claim within 4 months in the Office of the Recorder of the Recording District in which the property affected is situated, and provided further that he brings a suit in equity

in the District Court for the enforcement of his lien within 10 months. The lien suit shall be "in equity as in the case of the enforcement of other liens upon real or personal property." Sec. 5, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-5, A.C.L.A.

(2) The proceeding before the Alaska Industrial Commission is between the employee and employer alone. There is no provision for making a third party owning property, a party thereto. Consequently, any award of the Industrial Board is binding upon the parties thereto, to-wit, the employer and the employee, and is not binding upon a person not a party thereto, such as the Defendant in this case.

Upon filing a certified copy of the award of the Industrial Commission in the District Court, it becomes a judgment against the employer, but has no effect as to a third party.

If an injured employee entitled to a lien upon the property of a person not the employer wishes to claim and enforce his lien, he must file a complaint, "as in the case of the enforcement of other liens upon real or personal property." Sec. 5, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-5, A.C.L.A. Such complaint must state a cause of action in favor of the plaintiff. The plaintiff must allege and prove that the relation of employee and employer existed; that the employer was employing three or more employees, so as to bring him within the provisions of said Chap. 9, S.L.A., Ex. Sess., 1946; that the work which plaintiff was doing gave him a lien under said Sec. 5 upon the property owned by the third party; that he was accidentally injured in the course of his employment and that he suffered damages therefrom. The third party is given his day in court as to all issues properly in the complaint. If judgment goes against the third party in the lien suit, no constitutional right will have been violated as he will have had his day in court.

■ The award of the Industrial Commission is not res judicata in regard to any facts alleged in the equity suit. Thus in the present·case the complaint nowhere states that the employer was employing three or more employees at the time the Plaintiff was injured. The award of the Industrial Commission, which is attached to the complaint and made a part thereof, does contain a finding that the employer was employing three or more employees at the time the plaintiff was injured, but such award is surplusage in equity suits and cannot take the place of a direct and verified allegation by the plaintiff on the subject. The findings of the Industrial Commission are mere hearsay when set forth in the equity suit.

Said Chap. 9, S.L.A., Ex. Sess., 1946 does not attempt to make the award of the Board res judicata as to any person other than the employer and the employee.

(3) Sec. 5, Chap. 9, S.L.A., Ex. Sess., 1946, Sec. 43-3-5, A.C.L.A., provides: That every employee entitled to compensation for injury, under the provisions of the Act shall have a lien for such compensation "upon all of the property in connection with the construction, preservation, maintenance or operation of which the work of such injured or deceased employee was being performed at the time of the injury or death of such employee."

Said Section 5 gives a lien only where the work of the employee injured was in connection with the construction, preservation, maintenance or operation of property on which the employee was working at the time of the injury.

■ Plaintiff's complaint shows that at the time of her injury she was working as a cook in a restaurant owned by Laura Brooks in a building upon defendant's real property, and that she was not working in the construction, preservation, maintenance or operation of defendant's said real property.

■

The demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action must be sustained in this cause for the following reasons, to-wit:

(1) That the plaintiff was not employed in work, at the time of her injury, which gave her any right to a lien upon the property of the defendant for the payment of compensation;

(2) That the complaint fails to show that plaintiff's employer came within the terms of Chap. 9, S.L.A., Ex. Sess., 1946, by employing three or more employees in connection with any business, occupation or work in which plaintiff was engaged at the time of her injury.